UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JEFFREY S. CRUTCHFIELD, | ) | CASE NO. C06-0656-JLR |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| ROBERT J. PALMQUIST, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## INTRODUCTION

Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that the Bureau of Prisons failed to properly credit him for "good conduct time" and also improperly denied his release to a halfway house. For the reasons set forth below, the court recommends that the first of petitioner's claims be denied without prejudice for failure to exhaust administrative remedies, and the second be denied with prejudice for lack of merit.

## PROCEDURAL BACKGROUND

In 1999, petitioner was convicted of bank fraud and related charges in the District of

REPORT AND RECOMMENDATION
PAGE -1

01  Oregon. (Doc. #15 at 2). [1] He was sentenced to 24 months' imprisonment and 5 years of

02  supervision. (*Id.*)

03  Petitioner was released in 2001, but violated the terms of his supervision three times over

04  the next few years, and most recently, was remanded into custody by the Eastern District of

05  Washington. His current projected release date is November 6, 2006. (*Id.*)

06  On May 11, 2006, petitioner filed an application to proceed *in forma pauperis* ("IFP

07  application"), along with the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §

08  2241. (Doc. #1). Because the IFP application was deficient, the Clerk of Court sent petitioner

09  a letter advising him of the deficiency and setting forth a deadline for petitioner's response. (Doc.

10  #3). Petitioner cured the deficiency and the court granted petitioner's IFP application on June 8,

11  2006. (Doc. 5).

12  On June 8, 2006, the Court directed that petitioner's habeas petition be served on

13  respondent. (Doc. #9). Respondent was ordered to file a return to the petition within 30 days

14  after service. (*Id.*) In addition, the court struck two of petitioner's motions – one to expedite

15  consideration of his habeas petition and one to waive administrative remedies – because they had

16  not been served on respondent, in violation of Local Rule CR 7(b). (Doc. #10). The court

17  advised petitioner that he could re-file the motions after he served them on respondent. (*Id.*)

18  Petitioner did not re-file the motions. Instead, he filed a motion for default on July 13,

19  2006, asserting that respondent had failed to file a timely return to the petition. (Doc. #14). The

20  next day, on July 14, 2006, respondent filed a return and a motion to dismiss for failure to exhaust

21  ―――――――――――――――

22  [1] These facts are stated in the motion to dismiss filed by respondent (Doc. #15), and have not been challenged or disputed by petitioner.

REPORT AND RECOMMENDATION
PAGE -2

administrative remedies. (Doc. #15). The Clerk removed petitioner's motion for default from the Court's calendar because respondent had filed the return and petitioner was so advised.

On July 25, 2006, the Clerk received a letter from petitioner challenging the removal of his motion for default from the calendar. The letter further asserted that the court had unfairly applied procedural rules to petitioner but not to respondent. (Doc. #17). Petitioner contended that respondent's return and motion to dismiss was untimely and should not be considered by the court. (*Id.*) Accordingly, petitioner asserted that his motion for default should be granted.

Respondent's return and motion to dismiss was noted for consideration on August 11, 2006. Petitioner did not file a response to the return, and the matter is now ripe for review.

## DISCUSSION

<u>Petitioner's Motion for Default</u>

Before addressing respondent's motion to dismiss, the court will consider petitioner's claim that the motion is untimely and that his motion for default should be granted. As previously mentioned, the court directed respondent to file a return no later than 30 days after service of the habeas petition. (Doc. #9 at 1). The Clerk sent a copy of the petition by certified mail to respondent on June 8, 2006. According to the receipt sent back to the Clerk, respondent received the Order and petition on June 12, 2006. (Doc. #11). The thirty-day deadline for a response thus expired on July 12, 2006. Respondent's return and motion to dismiss was filed on July 14, 2006, or two days late.

While the court does not condone late filings, by either party, the court finds that in this instance the two-day tardiness on respondent's part was *de minimis* and did not prejudice petitioner in any way. The court notes that petitioner had ample time to file a response to the

motion to dismiss, and apparently chose not to (other than to attack its timeliness). Had respondent sought a two-day extension of time, the court would have granted it.[2] Under these narrow circumstances, the court *sua sponte* grants respondent a two-day extension of time, rendering the motion to dismiss timely.

<u>Respondent's Return and Motion to Dismiss</u>

Respondent argues that petitioner's habeas petition should be denied because it lacks merit and because he has failed to exhaust his administrative remedies. Petitioner raises two distinct claims in his habeas petition. First, he claims that the Bureau of Prisons ("BOP") has miscalculated the amount of "good conduct time" ("GCT") credit he has earned. (Doc. #6). Second, he claims that BOP was required by statute to release him to a halfway house for the last portion of his sentence. (*Id.*) As set forth below, the court concludes that petitioner failed to exhaust the first issue and the second one lacks merit.

1. <u>Good Conduct Time Claim</u>

Respondent attaches to his motion to dismiss a declaration by John McCafferty, Unit Manager for the Federal Detention Center in SeaTac, Washington, where petitioner is incarcerated. Mr. McCafferty declares that petitioner has not pursued any administrative remedy regarding the GCT claim, but that he did file a claim regarding release to a halfway house. (Doc. #16 at 2). Attached to Mr. McCafferty's declaration are computer printouts supporting his statements. (*Id.*, Ex. 2).

---

[2] Respondent's motion to dismiss was not preceded, nor accompanied, by a motion for an extension of time. This oversight by counsel for respondent, while regrettable, does not serve as a valid basis for granting a motion for default, because the delay was minor and default judgments are generally disfavored. *See, e.g., Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

01        Petitioner does not dispute Mr. McCafferty's assertions. Indeed, because he earlier filed
02   a motion to waive administrative remedies (Doc. #8), it appears that petitioner concedes that he
03   has not exhausted at least the first of his two claims. Under Ninth Circuit precedent, "[f]ederal
04   prisoners are required to exhaust their federal administrative remedies prior to bringing a petition
05   for a writ of habeas corpus in federal court." *Martinez v. Roberts*, 804 F.2d 570 (9th Cir. 1986)
06   (per curiam). Because petitioner has failed to do so, his first claim should be dismissed without
07   prejudice.

08        2.    Halfway House Claim

09        It is unclear whether petitioner's second claim – that he should have been released to a
10   halfway house – has been completely exhausted. The declaration of Mr. McCafferty implies that
11   petitioner did not appeal the initial denial of the claim to the next level. (Doc. #16 at 2).
12   However, even assuming that petitioner did exhaust the claim, it appears to lack merit.

13        Petitioner asserts that BOP was required by 18 U.S.C. § 3624(c) to release him to a
14   halfway house for the last few months of his sentence. That statute provides in pertinent part that
15   BOP "shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends
16   a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served
17   under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for
18   the prisoner's re-entry into the community." 18 U.S.C. § 3624(c).

19        Contrary to petitioner's assertion, however, release under this statute has not been
20   interpreted to be mandatory. As the Ninth Circuit commented: "Nothing in the language of
21   section 3624(c) mandates that all prisoners pass through a community treatment center en route
22   to free society." *United States v. Laughlin*, 933 F.2d 786, 789 (9th Cir. 1991). According to Mr.

McCafferty, petitioner was denied release under this statute due to his "poor performance while under supervision," *i.e.*, his three prior violations while under supervised release, and "his potential threat to the community while in a community corrections center." (Doc. #16, Ex. 4). Petitioner does not show that BOP's decision denying release to a halfway house was either unsupported by the record or unauthorized by statute. Therefore, petitioner's second claim lacks merit and should be denied with prejudice.

## CONCLUSION

For the foregoing reasons, the court recommends that petitioner's first claim be dismissed without prejudice and his second claim be dismissed with prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 17th day of August, 2006.

Mary Alice Theiler
United States Magistrate Judge